UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01645-ACL |
| UNKNOWN WATSON, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. Plaintiff Darryl Williams, a prisoner, instituted this action by filing a civil complaint that was accompanied by an Application to Proceed in District Court Without Prepaying Fees or Costs. The Application was almost entirely blank, and did not include any of the information required by 28 U.S.C. § 19154(a)(1). In addition, Plaintiff did not file the certified inmate account statement required by 28 U.S.C. § 1915(a)(2), or provide any information about his finances. On April 25, 2024, the Court denied the Application and directed Plaintiff to either pay the required filing fee or file a fully completed Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 5). The Court cautioned Plaintiff that his failure to timely comply with the order could result in the dismissal of this case, without prejudice and without further notice.

Plaintiff's response was due to the Court on May 9, 2024, but to date he has not complied with the Court's Order or sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's April 25, 2024 order. *See*

Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Also on April 25, 2024, the Court entered an order directing Plaintiff to cure the omission of his signature on his Motion to Appoint Counsel. *See* (ECF No. 6). In doing so, the Court cautioned Plaintiff that his failure to correct the omission of his signature would result in the motion being stricken pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's response was due on May 9, 2024, but to date he has not corrected the omission of his signature or sought additional time to do so. The Court will therefore direct the Clerk to strike the unsigned Motion to Appoint Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** Plaintiff's unsigned Motion to Appoint Counsel (ECF No. 3).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

Dated this 22nd day of May, 2024.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**